**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00050**

IN THE MATTER OF THE COMPLAINT OF BLUEGRASS MARINE LLC,
AS OWNER PRO HAC VICE AND MARQUETTE TRANSPORTATION
COMPANY, LLC AS OWNER OF THE M/V TITLETOWN U.S.A.
OFFICIAL NO. 289724, FOR EXONERATION OR
LIMITATION OF LIABILITY

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Claimant Gary Levis's Motion to Lift the Restraining Order issued by this Court (DN 14). While Limitation-Plaintiffs requested an extension to respond to this Motion, they have failed to file a timely response. This matter is now ripe for adjudication. For the reasons that follow, Claimant's Motion is GRANTED.

Also before this Court is Limitation-Plaintiffs' Motion for Entry of Default (DN 20). The Court has reviewed the record and this motion is now ripe for adjudication. For the reasons that follow, Limitation-Plaintiffs' Motion is GRANTED

**BACKGROUND**

M/V TitleTown U.S.A. ("TitleTown") is a towing vessel owned and operated by Marquette Transportation Company, LLC and its subsidiary Bluegrass Marine, LLC (jointly "Limitation-Plaintiffs"). On or about September 14, 2009, the TitleTown was towing seven unmanned barges from St. Louis to St. Paul, Minnesota, when one of the barges broke loose. A deckhand was injured attempting to recover the barge when his foot became tangled in a line.

Limitation-Plaintiffs filed this action following the incident seeking Exoneration from or Limitation of Liability pursuant to Rule F of the Federal Rules of Civil Procedure's

1

Supplemental Rules for Admiralty and Marine Claims as well as the Limitation and Liability Act ("LOLA"), 46 U.S.C. § 30501 *et seq*. In it, they alleged that the TitleTown was in a seaworthy condition, being operated in a non-negligent manner during the incident, and that the injury and losses arising from the incident "were not due to any fault, negligence or lack of due care on the part of Limitation-Plaintiffs." DN 1 at 3. Limitation-Plaintiffs petitioned for a restraining order that barred all claims with regards to this incident in other courts and a limitation of one year for injured parties to file a claim with this Court, expiring on September 1, 2010. The Court granted both of these requests. DN 3.

On May 4, 2010, Gary Levis asserted a claim for damages for an injury he suffered during the incident aboard the TitleTown on September 14, 2009. He was the only individual to submit a claim. In accordance with the applicable law, he has filed a number of stipulations as to Limitation-Plaintiffs' liability and the Court's jurisdiction over parts of this action. Levis now petitions the Court to dissolve the restraining order so that he may bring suit in a forum of his choosing. Limitation-Plaintiffs also request that the Court enter a default judgment against all parties who have not filed claims with this Court within the one-year limitations period.

**STANDARD & ANALYSIS**

**I. Dissolution of restraining order**

The Sixth Circuit discussed the background and purpose of the LOLA in *In re Muer*, 146 F.3d 410 (6th Cir. 1998):

> [LOLA], originally enacted in 1851, permits a vessel owner to limit its liability to the value of the vessel and its then pending freight, provided that the loss or damage is incurred without the "privity or knowledge" of the owner. The Act was passed "to encourage ship building and to induce capitalists to invest money in this branch of industry." *Norwich & N.Y. Transp. Co. v. Wright*, 80 U.S. (13 Wall.) 104, 121 (1871). The Act achieves this purpose by "exempting innocent shipowners from

2

liability, beyond the amount of their interest." *Id*. When faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking limitation of liability under LOLA. Provided that the accident in question occurred without the owner's "privity or knowledge," LOLA limits the owner's liability to the value of his interest in the vessel and its pending freight. 46 U.S.C. App. § 183(a).

*Id*. at 414 (internal citations altered). While admiralty law provides exclusive jurisdiction to federal courts in determining the extent to which a shipowner is entitled to limited liability, *Id*. at 417, LOLA also provides that potential claimants against the shipowners may pursue "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1). Otherwise known as the "savings to suitors" clause, "§ 1331 embodies a presumption in favor of jury trials and common law remedies in the forum of the plaintiff's choice." *In re Muer*, 146 F.3d at 417. The Sixth Circuit Court of Appeals has recognized that a "tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability and the savings to suitors clause." *Id.* Where there is but one claimant against the vessel's owner, a court must follow a particular procedure to appropriately protect the divergent rights of the ship owner and the claimant:

> [A] district court is obliged to dissolve its injunction against all other legal proceedings when only one claim is asserted against the shipowner and sufficient stipulations are filed. When a single claimant brings an action seeking damages in excess of the limitation fund, the district court must lift the stay against other proceedings if the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability. *Ex parte Green*, 286 U.S. 437, 438-40 (1932); *Langnes v. Green*, 282 U.S. 531, 540-44 (1931); *In re Dammers*, 836 F.2d 750, 755 (2d Cir. 1988). In the situation of a single claimant, the district court must lift the stay and the state court action is permitted to continue until a judgment is rendered. *See, e.g.*, *In re Mucho K, Inc.*, 578 F.2d 1156, 1158 (5th Cir. 1978); *In re Zapata Gulf Marine Corp.*, 787 F. Supp. 612, 613 (E.D. La. 1992). While the state court action is pending adjudication, the limitation action is held in abeyance. *Langnes*, 282 U.S. at 540. If the plaintiff challenges the shipowner's right to limit liability during the state court proceedings, the federal court may reinstate its stay of the state court proceedings in order to protect the paramount federal right. *Id.* at 539-40. If no such challenge is made and the state court renders a judgment in

> favor of the shipowner, or in favor of the claimant in an amount less than the limitation fund, the limitation proceeding is dismissed as moot. *See, e.g.*, *In re Cooper/T. Smith Stevedoring Co., Inc.*, 735 F. Supp. 689 (E.D. La. 1990); *see also Luhr Bros. v. Gagnard*, 765 F. Supp. 1264, 1268 (W.D. La. 1991). However, if the claimant receives a state court judgment in excess of the limitation fund, the federal action proceeds in order to determine those issues relevant to the limitation of liability. Gilmore & Black, The Law of Admiralty § 10-18 (2d ed. 1975).

*Id*. at 417-18 (internal citations altered and internal footnotes omitted).

After a close review of the above stated precedent and Levis's stipulations, dissolution of the retraining order is proper. Levis is the only current claimant proceeding against the Limitation-Plaintiffs. Moreover, he has conceded that this Court "has the exclusive authority to determine the value of the [TitleTown]" and "maintains jurisdiction of the proceeding instituted by [Limitation-Plaintiffs]." DN 13 at 2-3. The Court need not delay him further in pursuing his action. These stipulations, in conjunction with the others that have been filed, are sufficient to for Levis to proceed with this claim in a forum of his choosing.

## **II. Default judgment against all persons who have not filed claims in this limitation proceeding**

Limitation-Plaintiffs also seek a judgment of default against any and all parties who have failed to submit a claim with this Court before the deadline of September 1, 2010. DN 3. Limitation-Plaintiffs charge that in accordance with Supplemental Admiralty Rule F, they have "arranged for service of this notice on all known potential claimants, as well as for publication of said notice in The Paducah Sun newspaper." DN 20 at 1. To date, only Levis has submitted a claim regarding this incident.

Upon a close review of the record and the appropriate precedent, the Court finds this motion proper.

## **CONCLUSION**

For the aforementioned reasons, IT IS ORDERED THAT the restraining order issued regarding this action is DISSOLVED. Claimant Gary Levis is permitted to pursue his claim in another appropriate forum.

IT IS FURTHER ORDERED that a DEFAULT JUDGMENT IS ENTERED against all persons/entities who have a claim against Limitation-Plaintiffs arising from the marine accident described in the Complaint for Exoneration for Limitation of Liability, but who have failed to timely appear and/or file an Answer and/or Claim.