# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:10-CV-00050

IN THE MATTER OF THE COMPLAINT OF BLUEGRASS MARINE LLC,
AS OWNER PRO HAC VICE AND MARQUETTE TRANSPORTATION
COMPANY, LLC AS OWNER OF THE M/V TITLETOWN U.S.A.
OFFICIAL NO. 289724, FOR EXONERATION OR
LIMITATION OF LIABILITY

## OPINION AND ORDER

This matter comes before the Court on upon Claimant's motion to stay the current proceeding in this limitation action pending the resolution of claims filed in state court (DN 24). Limitation Plaintiffs have responded in opposition (DN 32). This matter is now ripe for adjudication. For the following reasons, Claimant's motion is GRANTED.

Also before the Court is Claimant's motion to quash two subpoenas duces tecum issued by the Western District of Kentucky on Claimant's medical providers to turn over their records to Limitation Plaintiffs (DN 28). Limitation Plaintiffs have responded (DN 34). This matter is now ripe for adjudication. As Claimant has filed suit in state court in West Virginia and the Court has decided to hold the matter in abeyance, Claimant's motion is GRANTED and the subpoenas are QUASHED.

## BACKGROUND

M/V TitleTown U.S.A. ("TitleTown") is a towing vessel owned and operated by Marquette Transportation Company, LLC and its subsidiary Bluegrass Marine, LLC (jointly "Limitation Plaintiffs"). On or about September 14, 2009, the TitleTown was towing seven unmanned barges from St. Louis to St. Paul, Minnesota, when one of the barges broke loose. Claimant Gary Levis, a deckhand, was injured attempting to recover the barge when his foot

became tangled in a line.

Limitation Plaintiffs filed this action following the incident seeking exoneration from or limitation of liability pursuant to Rule F of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty and Marine Claims as well as the Limitation and Liability Act ("LOLA"), 46 U.S.C. § 30501 *et seq*. They sought a restraining order that barred all claims with regards to this incident in other courts and a limitation of one year for injured parties to file a claim with this Court, expiring on September 1, 2010. The Court granted both of these requests. DN 3.

On May 4, 2010, Levis asserted a claim for damages for his injury. In accordance with the applicable law, he filed a number of stipulations as to Limitation Plaintiffs' liability and the Court's jurisdiction over parts of this action. On January 18, 2011, Levis's motion was granted and the restraining order was dissolved, allowing him to file suit against Limitation Plaintiffs in another appropriate forum. This Court however maintained exclusive jurisdiction to determine the value of the TitleTown, thereby capping Limitation Plaintiffs liability.

Through the instant motions, the parties have indicated that Levis has filed a civil action in the Circuit Court of Kanawha County, West Virginia ("West Virginia court"). Levis now requests this Court to stay this limitation proceeding while the matter is adjudicated in the West Virginia court. He also encourages the Court to quash two subpoenas that Limitation Plaintiffs issued from the Western District of Kentucky.

**STANDARD & ANALYSIS**

**I. Motion to Stay**

The Sixth Circuit discussed the background and purpose of the LOLA in *In re Muer*, 146 F.3d 410 (6th Cir. 1998):

> [LOLA], originally enacted in 1851, permits a vessel owner to limit its liability to the value of the vessel and its then pending freight, provided that the loss or damage is incurred without the privity or knowledge of the owner. The Act was passed to encourage ship building and to induce capitalists to invest money in this branch of industry. The Act achieves this purpose by exempting innocent shipowners from liability, beyond the amount of their interest. When faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking limitation of liability under LOLA. Provided that the accident in question occurred without the owner's privity or knowledge LOLA limits the owner's liability to the value of his interest in the vessel and its pending freight.

*Id*. at 414 (internal citations and quotation marks omitted). The court continued, explaining that an action under LOLA may be stayed by the federal district court when there is a parallel state court proceeding:

> While the state court action is pending adjudication, the limitation action is held in abeyance. If the plaintiff challenges the shipowner's right to limit liability during the state court proceedings, the federal court may reinstate its stay of the state court proceedings in order to protect the paramount federal right. If no such challenge is made and the state court renders a judgment in favor of the shipowner, or in favor of the claimant in an amount less than the limitation fund, the limitation proceeding is dismissed as moot. However, if the claimant receives a state court judgment in excess of the limitation fund, the federal action proceeds in order to determine those issues relevant to the limitation of liability.

*Id*. at 417-18 (internal citations, quotation marks, and internal footnotes omitted). In *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001), the Supreme Court provided similar guidance to district courts when deciding to hold a claim in abeyance under LOLA:

> The district courts have jurisdiction over actions arising under [LOLA], and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. If the district court concludes that the vessel owner's right to limitation will not be adequately protected-where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims-the court may proceed to adjudicate the merits, deciding the issues of liability and limitation. But where, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.

*Id*. at 454 (citation omitted)

As discussed in its previous memorandum opinion and order, Levis provided the appropriate stipulations for the dissolution of the retraining order. He has readily conceded that this Court "has the exclusive authority to determine the value of the [TitleTown]" and "maintains jurisdiction of the proceeding instituted by [Limitation Plaintiffs]." DN 13 at 2-3. Nor have the Limitation Plaintiffs indicated in its response that the West Virginia court has intruded upon or disregarded the controlling precedent described above. Rather, their objections to staying this matter revolve around a number of discovery disputes, specifically Levis's non-disclosure of his medical records. The Court is confident that the West Virginia court is more than capable of deciding this issue; therefore it is not a basis to deny Levis's request. Moreover, not staying the instant matter would create the risk of duplicative and divergent rulings between this and the West Virginia court. It is both nonsensical and a waste of judicial resources to have two courts with active jurisdiction over the same cause of action.

The Court believes that Limitation Plaintiffs have been afforded the necessary protections under LOLA. Should they feel that the West Virginia court has defied the Court's earlier orders or the applicable legal precedent surrounding LOLA, they may seek to reinstate this action and stay the state court proceeding. Until then however, the Court finds that the case at bar should be held in abeyance until further notice.

**II. Motion to Quash**

In Levis's motion, he asks that two subpoenas issued upon Life Care Resources, Inc. and Operational Disability Assessment Center (DN 28-1 at 2-11) be quashed. He declares that these subpoenas, requesting a number of his medical records, are best addressed by the West Virginia

4

court, especially considering that this matter should be held in abeyance for the time being. Limitation Plaintiffs respond that a stay would be inappropriate and that they would be prejudiced if the subpoenas were quashed.[1]

Federal Rule of Civil Procedure 45 allows parties and non-parties alike to quash subpoenas issued in the course of discovery. *See* Fed. R. Civ. P. 45(c)(3). Protection from subpoenas under Rule 45 "'tracks the provisions of Rule 26(c)' which provides for the issuance of protective orders." *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2045818, at *2 (W.D. Mich Aug. 24, 2005) (quoting *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)). The decision to quash a subpoena is left in the sound discretion of the district court. *United States v. Dean Foods Co.*, No. 10–CV–59, 2011 WL 382897, at *1 (E.D. Wis. Feb.3, 2011).

Here, the Court's decision to quash the subpoena is premised principally on this matter's pendency before the West Virginia court. Decisions regarding Levis's medical records and to what extent they are discoverable should be reviewed by the forum that will confront the question of his injuries and the compensation he should be afforded. This is not the responsibility of this Court; instead, its lone task is determining the total liability of Limitation Plaintiffs, should the issue be implicated during the state court proceeding. As such, these discovery issues are best resolved by the West Virginia court. Although this decision may delay the release of these records, the Court is confident that having the West Virginia court address matter of discovery will neither impact the proceeding nor prejudice Limitation Plaintiffs.

---

[1] Limitation Plaintiffs also charge that the West Virginia court is an improper forum for the instant matter and that they are in the process of challenging its jurisdiction via a motion to dismiss. To date, the Court is ignorant of this motion's outcome.

In light of these conclusions, and to guard against duplicative discovery orders, the Court will quash the current subpoenas issued by the Western District of Kentucky. To avoid confusion and streamline discovery, all similar requests should be submitted to the West Virginia court.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED:

(1) Claimant's motion to stay the proceeding (DN 24) is GRANTED. This matter will be held in abeyance until further notice. Should Limitation Plaintiffs feel that the West Virginia court has defied this Court's earlier orders or the applicable legal precedent surrounding LOLA, they may seek to reinstate this action and stay the state court proceedings.

(2) Claimant's motion to quash the subpoenas duces tecum issued against Life Care Resources, Inc. and Occupational Disability Assessment Center (DN 28) is GRANTED. If Limitation Plaintiffs believe they possess a claim under the rules of discovery to Claimant's medical information or other relevant materials, such requests should be pursued through the West Virginia Court.